**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                No. 01-4697

KARY LEE TAYLOR, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CR-99-70080)

Submitted: March 21, 2002

Decided: March 29, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Patterson Rogers, 3rd, Danville, Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Patty Merkamp Stemler, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kary Lee Taylor, Jr., was convicted by a jury of conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, 21 U.S.C. § 846 (1994), four counts of distributing, manufacturing and possessing with intent to distribute more than five grams of crack cocaine, and one count of distributing and possessing with intent to distribute more than fifty grams of crack cocaine under 21 U.S.C.A. § 841(a) (West 1999). The district court imposed a sentence of 188 months imprisonment. Taylor appeals his sentence, alleging that the district court clearly erred in determining the amount of crack attributable to him under *U.S. Sentencing Guidelines Manual* § 2D1.1 (2000). We affirm.

Taylor was held responsible for two ounces of crack he sold to a confidential informant, for another two ounces of crack that his customer and co-defendant, Ronald Otey, sold to the confidential informant, and for an additional twenty-six ounces of cocaine (737.1 grams) that Otey testified he bought from Taylor, intending to convert it to crack for resale. In the district court, Taylor challenged the 737.1 grams of crack on the ground that Otey's testimony was unreliable. The district court disagreed and adopted the finding recommended in the presentence report. On appeal, Taylor argues that the twenty-six ounces were improperly treated as crack because he sold only powder cocaine to Otey. Because Taylor did not challenge the quantity on this ground in the district court, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (appeals court will notice unpreserved error only if defendant shows that error occurred, error was plain, error affected defendant's substantial rights, and will grant relief only if error seriously affects the fairness, integrity, or public reputation of judicial proceedings). Otey testified that he bought powder cocaine from Taylor with the understanding that he would cook it into crack for resale and that, at their first transaction, Taylor

directed him to someone who could cook the powder into crack for him. Because Otey's crack sales were reasonably foreseeable to Taylor, the district court did not plainly err in attributing the twenty-six ounces of crack to him as relevant conduct. USSG § 1B1.3(a)(1)(B).

Taylor next contends, correctly, that the probation officer did not account for the fact that four grams per ounce were lost in the process of cooking the powder cocaine into crack. But even if 104 grams (4 grams x 26) is subtracted from the 737.1 grams of crack Taylor challenges here, the total quantity attributable to him exceeds 500 grams of crack; thus, Taylor's base offense level of 36 was not plainly erroneous. USSG § 2D1.1(c)(2) (base offense level of 36 applies when offense involves 500 grams-1.5 kilograms of cocaine base). Therefore, no plain error occurred. *Olano*, 507 U.S. 731-32.

Finally, Taylor contends that the district court failed to make an express finding concerning drug quantity or adopt the finding recommended in the presentence report. Mindful of the fact that Taylor questioned only Otey's credibility, we believe that the district court adequately resolved that issue when it found that Otey's testimony was "compelling" and determined that the recommended base offense level of 36 was appropriate.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*